FILED

2021 MAY -4 PM 1:05

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | | |
|---|---|---|
| TEXLA ENERGY PARTNERS, LLC, § § § *Plaintiff*, § § v. § § ENOVA TEXTILES, LLC, § § *Defendant*. § | | CAUSE NO. 8:21 cv 1063 MSS-AEP |

## COMPLAINT

Plaintiff TEXLA Energy Partners, LLC ("TEXLA") brings this action against Defendant Enova Textiles, LLC ("Enova") and alleges as follows:

### PARTIES

1. TEXLA is a Delaware limited liability company headquartered in Arkansas.

2. Enova is a North Carolina limited liability company headquartered in Tampa, Florida.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b)(1) because Enova resides in Tampa, Florida.

1



TRA 63829
$402.00

## FACTS

5. In November 2020, TEXLA entered a contract with Enova.

6. Under the contract, Enova agreed to sell 100,500 boxes of nitrile gloves to TEXLA. The order consisted of two parts: 33,500 boxes to be delivered by air freight, at a price of $11.35 per box; and 67,000 boxes to be delivered by maritime freight, at a price of $8.65 per box.

7. On November 17, 2020, TEXLA caused $479,887.50 to be wired to Enova as a 50% deposit on this order, in compliance with the terms of the contract.

8. Enova breached the contract by failing to supply the gloves to TEXLA.

9. In the wake of Enova's breach and to mitigate further damages, an alternative supplier was located, and the gloves were eventually ordered from the alternative supplier at a price of $14.75 per box—substantially higher than the contractual prices at which Enova had agreed to sell the gloves to TEXLA.

10. Enova has not returned TEXLA's deposit of $479,887.50.

## CAUSES OF ACTION

### Count 1: Breach of Contract
(COMMON LAW)

11. The preceding paragraphs are incorporated by reference for this cause of action.

12. TEXLA and Enova entered a valid contract under which Enova agreed to sell 100,500 boxes of gloves to TEXLA at the agreed prices indicated above.

13. TEXLA performed under the contract and satisfied all conditions

precedent by wiring $479,887.50 to Enova as a 50% deposit under the contract.

14. Enova materially breached the parties' contract by failing to provide the gloves to TEXLA.

15. Because Enova failed to supply the gloves to TEXLA in compliance with the terms of the contract, an alternative supplier had to be located, and the gloves were eventually purchased from that alternative supplier at a price of $14.75 per box.

16. TEXLA incurred damages of at least $522,600 as a result of Enova's breach, calculated as the price differential between (a) the price at which Enova was contractually obligated to sell the gloves to TEXLA; and (b) the price at which the goods were purchased from the replacement supplier.

17. Enova has also not returned TEXLA's deposit.

18. TEXLA seeks to recover its actual damages under the contract, including the deposit conveyed to Enova for goods that TEXLA never received, as well as reasonable attorneys' fees and costs.

### Count 2: Unjust Enrichment
(COMMON LAW)

19. The preceding paragraphs are incorporated by reference for this cause of action.

20. Enova was unjustly enriched at TEXLA's expense because Enova has retained TEXLA's deposit for goods that Enova failed to provide to TEXLA and that TEXLA never received.

21. Enova's retention of the deposit is unjust for the reasons described above, and there is no other adequate remedy available at law.

22. TEXLA thus seeks to recover the deposit of $479,887.50 paid to Enova.

### Count 3: Money Had and Received
(COMMON LAW)

23. The preceding paragraphs are incorporated by reference for this cause of action.

24. Enova holds and has retained TEXLA's deposit of $479,887.50.

25. The deposit paid by TEXLA belongs to TEXLA in equity and good conscience.

26. TEXLA thus seeks to recover the deposit of $479,887.50 paid to Enova.

### Count 4: Conversion
(COMMON LAW)

27. TEXLA has a right to immediate possession of its deposit of $479,887.50.

28. Enova continues to exercise wrongful dominion and control over TEXLA's deposit in a manner inconsistent with TEXLA's rights.

29. Enova refused to return TEXLA's deposit on demand, and its refusal to return the deposit amounts to a clear repudiation of TEXLA's rights.

30. Enova's wrongful actions injured TEXLA and resulted in TEXLA's loss of the use of the converted property as well as loss of profits from the same.

31. TEXLA seeks the return of its deposit and compensation for its loss of use of the deposit.

## JURY DEMAND

32. TEXLA demands a jury trial on all claims that may be tried to a jury.

## PRAYER FOR RELIEF

TEXLA requests the Court award TEXLA its damages, pre- and post-judgment interest, attorneys' fees, and costs to the extent allowed by law, and all other relief available in law or equity to which TEXLA may be justly entitled.

Respectfully submitted,

**CLEVELAND | TERRAZAS PLLC**

*/s/ Timothy Cleveland*
Timothy Cleveland
TX State Bar No. 24055318
Austin H. Krist
TX State Bar No. 24106170
303 Camp Craft Road, Suite 325
Austin, Texas 78746
(512) 689-8698
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com

*Attorneys for TEXLA*

## CERTIFICATE OF SERVICE

I hereby certify that this filing was submitted to the Clerk's Office of the United States District Court for the Middle District of Florida, Tampa Division, and thereafter a true and correct copy of the foregoing documents was served on all counsel of record by way of e-service through the CM/ECF system.

/s/ *Austin H. Krist*
Austin H. Krist